**XI CHEN, Petitioner,**

v.

**UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES, Respondent.**

**No. 05–5880–AG.**

United States Court of Appeals, Second Circuit.

June 13, 2006.

Jan Potemkin, New York, NY, for Petitioner.

Terrance P. Flynn, United States Attorney, Kevin D. Robinson, Assistant United States Attorney, Buffalo, NY, for Respondent.

Present RALPH K. WINTER, BARRINGTON D. PARKER, REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Xi Chen, through counsel, petitions for review of the BIA decision affirming the decision of Immigration Judge ("IJ") Noel Anne Ferris denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Substantial evidence supports the agency's adverse credibility finding. The agency found Chen incredible because he testified that he and his wife left their home village for the first time in August 1988, but then claimed that the couple left the village "soon after [his] wife became pregnant with [the] second [child]," in October or November 1987. Chen was also found not credible because he testified that village officials came to his home to discuss sterilization and to fine him, and that he paid the fine at the village office on October 30, 1988, but he then claimed that he and his wife left their home for another part of China on October 5, 1988, and paid the fine on September 30, 1988.

The BIA and IJ also reasonably found that Chen's submission of a fraudulent household register—which was submitted to corroborate the names and birth dates of his wife and children, and which Chen admitted he procured through a bribe—rendered him incredible. Chen submitted his alleged household register to the immigration court during his master calendar hearing on July 5, 2001. It was only well into his October 2003 merits hearing, after being questioned about his current and previous household registers and being asked how he was able to have his third child included in the current register, that Chen claimed "after [he] came here. [he] paid money and [he had] someone help [him] to have [his] third child be registered in the household." Chen admitted that he bribed a government official to have his daughter's name included because "at that time [he] was told [he] needed such docu-

ment for [his asylum] case and basically in China if you pay some money and if you find the right person who has the connection with something that you might be able to get it." He also admitted that he had his daughter's name added to his household register to prove that he had three children, and that he knew the document was fraudulent when he submitted it to the court, but that if he did not submit it, he would not have been able to prove that he had a third child.

An asylum applicant seeking to demonstrate that he or she is a refugee under the Immigration and Nationality Act might, without negative consequences, submit false documents that the applicant used to evade persecution, including a falsified household register. *See Rui Ying Lin v. Gonzales,* 445 F.3d 127 (2d Cir.2006) (noting that "[p]eople attempting to escape persecution reasonably use all means at their disposal to do so," including presenting false documents). However, Chen acknowledged that he paid a bribe to have his household register altered for the express purpose of proving to the immigration court that he had a third child and made no claim that the document was altered to evade persecution. Given that the alleged sterilization of Chen's wife occurred after the authorities purportedly discovered that she had given birth to her third child, and considering that Chen admitted that he submitted a falsified document to prove that such a child was born— but never claimed that he obtained it to receive benefits that were denied to his allegedly unregistered child-the agency could reasonably rely on the document to find Chen incredible. *See Secaida–Rosales,* 331 F.3d at 308. Moreover, the letter from Chen's wife underscores the fact that Chen did not submit the household register to evade persecution. In her letter, Chen's wife claimed that the couple's alleged third child "is a Chinese citizen without household registration ... [and that] [b]ecause [she] does not have household registration, all schools refuse to accept her." When Chen was asked why his wife's letter stated that the third child was never registered in the household register, he claimed that his wife knew about the bribe and registration of the child, because she was in charge of arranging the affair. Given that the household register was brought to the United States by an acquaintance of Chen in July or August 2000, and the letter from Chen's wife, was dated 21 June, 2001, the agency could reasonably find that the wife's letter cast further doubt on the household register and its contents, including the alleged birth of Chen's children, especially the third child, and that the forged document was not altered to obtain benefits for the alleged third child.

These findings alone support the agency's decision. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 159–165 (2d Cir.2006); *cf. Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395, 406 (2d Cir. 2005). Since the only evidence of a threat of future persecution to Chen depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on Chen's claims of a well-founded fear of persecution and for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148 (2d Cir.2006) (holding that for an applicant who has been determined to be incredible to prevail on a future persecution claim, the predicate of that claim must be independent of the testimony that the IJ found to be incredible); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Because Chen did not raise his CAT claim before the BIA, and he does not raise it here, this claim is both unexhausted and waived. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS,* 420 F.3d 82, 86

(2d Cir.2005); *Yueqing Zhang*, 426 F.3d at 542 n. 1, 546 n. 7.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).